**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **LINCOLN LIFE ASSURANCE** | ) |
| **COMPANY OF BOSTON, etc., et al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | ) **CIVIL ACTION 20-0486-WS-N** |
| | ) |
| **JEFFREY THOMPSON, etc., et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**ORDER**

This interpleader action is before the Court on the plaintiffs' motion for default judgment and for discharge and dismissal. (Doc. 35).[1] Default judgment is sought as to defendant Jeffrey Thompson, both individually and in his capacity as personal representative of the estate of Robert W. Thompson (collectively, "Thompson"). The effect of entering default judgment against Thompson would be to leave defendant Susan Edwards as the sole claimant to the life insurance proceeds made the basis of this action.[2] Edwards agrees to the relief requested. (Doc. 35 at 2).

Entry of default must precede entry of default judgment, and "[b]efore a default can be entered, … the party must have been effectively served with process." 10 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2682 at 14 (3rd ed. 1998). Default has previously been entered against

---

[1] Default judgment is as appropriate in the interpleader context as any other. *E.g., Protective Life Insurance Co. v. Tinney*, 2015 WL 1402464 at *3 (N.D. Ala. 2015).

[2] A fourth claimant was dismissed by agreement of the parties after it was learned that he predeceased the insured, since the policy provides that survival of the insured is a prerequisite to beneficiary status. (Docs. 20, 23, 26).

Thompson in both capacities, (Docs. 15, 34), and the Court prior to entry of default confirmed that Thompson was properly served in each capacity.

"The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact ....  A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true." *Nishimatsu Construction Co. v. Houston National Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Thus, "a default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1371 n.41 (11th Cir. 1997). Rather, "before entering a default judgment for damages, the district court must ensure that the well-pleaded allegations of the complaint ... actually state a cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Security, LLC v. Alcocer*, 218 Fed. Appx. 860, 863 (11th Cir. 2007) (emphasis omitted).  The complaint sets forth all necessary allegations for the relief requested in this interpleader action.

Thompson is not an infant, incompetent or member of the military, (Doc. 35-1 at 2), and the requirements of Rule 55(b)(2) and the Servicemembers Civil Relief Act, 50 U.S.C. app. § 521, therefore do not apply.

For the reasons set forth above, the plaintiffs' motion for default judgment is **granted**.  As a result, Thompson, in his individual and representative capacities alike, "has forfeited any claim to the insurance proceeds paid into court." *Protective Life Insurance Co. v. Tinney*, 2015 WL 1402464 at *4 (N.D. Ala. 2015).

The plaintiffs, which have deposited the policy proceeds with the Clerk, also move for an order discharging them from liability with respect to the policy at issue in this lawsuit, enjoining the defendants and others acting on their behalf from instituting or maintaining any action against the plaintiffs relative to the proceeds, and dismissing the plaintiffs with prejudice from this action.  (Doc. 35 at 1, 8-10)  The Court's authority, in a statutory interpleader action such as this one, to issue an order discharging the plaintiffs and enjoining the defendants is found in

28 U.S.C. § 2361.  Pursuant to that authority, and with the consent of the sole remaining defendant, (Doc. 35 at 2, 10), the plaintiffs' motion is **granted**.

As this Court has held, "[w]here a stakeholder is blameless with respect to the existence of the ownership controversy, the bringing of an interpleader action protects it from liability to the claimants both for further claims to the stake and for any claims directly relating to its failure to resolve that controversy." *RBC Bank (USA) v. Holiday Isle, LLC*, 2009 WL 3031186 at *2 (S.D. Ala. 2009) (internal quotes omitted).  Accordingly, the plaintiffs are **discharged** from all liability with respect to the policy proceeds or any failure to resolve the controversy regarding payment of such proceeds.  The defendants, and anyone acting directly or indirectly on behalf of any defendant, are permanently **enjoined** "from instituting or prosecuting any proceeding [against the plaintiffs] in any State or United States court affecting the [policy proceeds] involved in the interpleader action."  28 U.S.C. § 2361.

Because the plaintiffs have disclaimed any interest in the policy proceeds, because they have deposited the proceeds with the Clerk, and because the defendants have identified no potential claim against the plaintiffs lying beyond the scope of the discharge, the plaintiffs' motion for dismissal is **granted**.  The plaintiffs are **dismissed with prejudice** from this action.

In their conclusion, the plaintiffs propose an additional form of relief: "awarding Susan Edwards the balance of the interpleaded funds."  (Doc. 35 at 11).  Although the plaintiffs unsurprisingly report that Edwards "does not oppose" this relief, (*id*. at 10), she has filed nothing seeking such relief, and the plaintiffs do not explain how they may seek such relief on her behalf.  To the uncertain extent the plaintiffs' conclusion may be read as including a motion that Edwards be awarded the interpleaded funds, the motion is **denied**, without prejudice to her ability to file such a motion on her own behalf.  Edwards is **ordered** to do so on or before **February 10, 2021**.  Final judgment shall await a ruling on Edwards' anticipated motion.

DONE and ORDERED this 27th day of January, 2021.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE
